IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RAY LEE RANSOM, JR., | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:19-CV-00709-CAN |
| v. | § | |
| | § | |
| COMMISSIONER, SSA, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION

Pending before the Court is Defendant Andrew M. Saul, Commissioner of Social Security's ("Defendant") Motion to Dismiss and Incorporated Memorandum ("Motion to Dismiss") [Dkt. 12]. After reviewing the Motion to Dismiss [Dkt. 12], Plaintiff Ray Lee Ransom, Jr.'s Motion to Not Dismiss and Incorporated Memorandum ("Plaintiff's First Response") [Dkt. 13], Plaintiff's Motion to Not Dismiss ("Plaintiff's Second Response") [Dkt. 14], as well as Plaintiff's additional Briefs [Dkts. 21; 23; 24; 25], and Defendant's Reply [Dkt. 22], and all other relevant filings, the Court finds that Defendant's Motion to Dismiss [Dkt. 12] should be **GRANTED**, as set forth herein.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed his Complaint on September 30, 2019, alleging that Defendant improperly "denied [his] form 795 request to continue [his] Medicare-Title II benefits while [his] Medicare-Title II benefits are on appeal" [Dkt. 1 at 5]. On December 30, 2019, Defendant moved to dismiss Plaintiff's suit [Dkt. 12]. By way of background, Plaintiff was covered under Medicare Part A and Part B, beginning in August of 1993, based upon Childhood Disability Benefits ("CDB") on his father's record, pursuant to Title II of the Social Security Act [Dkt. 12 at 1]. Plaintiff's coverage ceased due to his alleged marriage [Dkt. 12 at 1]. More

specifically, on December 5, 2018, the Social Security Administration ("SSA") sent Plaintiff a letter informing him that his CDB benefits were going to be terminated in 2019, based upon his alleged marriage, and stating the amount that Plaintiff had purportedly been overpaid [Dkt. 12-1]. Plaintiff requested reconsideration of any termination on December 18, 2018 [Dkt. 13-1 at 1]. A reconsideration was conducted, and the original decision to stop payment of benefits and the determination of overpayment was upheld on January 20, 2020 [Dkt. 21-2 at 1-3]. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") on January 28, 2020 [Dkt. 21-1 at 1-2]. The Court is unaware of whether a hearing before an ALJ has now been scheduled; the Parties have provided no additional information regarding the status of any such hearing.

## LEGAL STANDARD

*Federal Rule of Civil Procedure 12(b)(1)*

Notwithstanding Defendant's assertion of Rule 12(b)(6) as the basis for dismissal, the bulk of recent social security opinions in this circuit addressing similar issues have evaluated failure to exhaust administrative remedies under Rule 12(b)(1). As such, this Court considers the pending Motion to Dismiss under Rule 12(b)(1). *See Smith v. Berryhill*, 139 S. Ct. 1765 (2019); *Chamberlain v. Barnhart*, 382 F. Supp. 2d 867 (E.D. Tex. Aug. 15, 2005); *Chambers v. Soc. Sec. Admin., Comm'r*, No. 3:19-CV-1062-K-BH, 2020 WL 5099829 (N.D. Tex. Aug. 12, 2020), *report and recommendation adopted sub nom. Chambers v. Soc. Sec., Admin.*, No. 3:19-CV-1062-K-BH, 2020 WL 5094684 (N.D. Tex. Aug. 29, 2020); *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592 (5th Cir. 2007). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The party asserting jurisdiction bears the burden of proof for a 12(b)(1) motion to dismiss. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If a court determines that they lack subject matter jurisdiction,

the action must be dismissed. FED. R. CIV. P. 12(h)(3). A dismissal under Rule 12(b)(1) is not a decision on the merits and does not prevent the plaintiff from pursuing a claim in a court of proper jurisdiction. *Ramming*, 281 F.3d at 161.

*Exhaustion of Administrative Remedies*

A federal court's jurisdictional authority to review a decision by the SSA of a claimant's disability benefits is found in 42 U.S.C. §§ 405 (g) and (h). Section 405(g) "sets the terms of judicial review" of a decision of disability or termination of Title II or Title XVI benefits by the SSA. *Smith*, 139 S. Ct. at 1772. Section 405(g) provides that a claimant may file a civil action "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party[.]" 42 U.S.C. § 405. Section 405(h) provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405. The Fifth Circuit has interpreted this standard as applying "only where the would-be plaintiff is challenging a decision regarding his entitlement to benefits." *Matter of Benjamin*, 932 F.3d 293, 300 (5th Cir. 2019). Furthermore, § 405(g) only allows review upon a "final decision of the Commissioner." 42 U.S.C. § 405. The Supreme Court has held that the "final decision" requirement has two elements: "first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable ... requirement that the administrative remedies prescribed by the Secretary be exhausted.'" *Smith*, 139 S. Ct. at 1773 (citing *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976)). The nonjurisdictional element may be waived by the commissioner, or in extraordinary circumstances, by the courts. *Id.* at 1773-74; *see also Chambers*, 2020 WL 5099829, at *5.

A claimant receives a final decision after proceeding through a four-step administrative process with the SSA. *Smith*, 139 S.C Ct. at 1772. "First, the claimant must seek an initial

determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council." *See* 20 CFR § 416.1400, *Smith*, 139 S. Ct. at 1772. Upon a decision by the Appeals Council, the plaintiff then has a final decision from which he can appeal in federal court. *See Chambers*, 2020 WL 5099829, at *5; *see also Smith*, 139 S. Ct. at 1772.

Again, by completing the four administrative steps, a plaintiff is said to have "exhausted" their remedies. *See Bowen v. City of N.Y.*, 476 U.S. 467, 472 (1986). As noted above, however, either the commissioner or the court may waive such requirement. *Smith*, 139 S. Ct. at 1773-74 (citing *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975)). "The [Commissioner] may waive the exhaustion requirement if 'he satisfies himself, at any stage of the administrative process, that no further review is warranted.'" *Home Health Innovations, Inc. v. Sebelius*, No. SA-14-CA-124, 2014 WL 12540881, at *3 (W.D. Tex. Feb. 18, 2014) (citing *Mathews*, 424 U.S. at 330); s*ee also Weinberger*, 422 U.S. at 766-67 ("While a court may not substitute its conclusion as to futility for the contrary conclusion of the Secretary, we believe it would be inconsistent with the congressional scheme to bar the Secretary from determining in particular cases that full exhaustion of internal review procedures in not necessary for a decision to be 'final' within the language of s 405(g)."). And as to any judicial waiver, "[t]he Supreme Court has approved three factors to consider in waiving the exhaustion requirements: (1) whether a claim is collateral to a demand for benefits, (2) whether exhaustion would be futile, and (3) whether the harm suffered pending exhaustion would be irreparable." *Chambers*, 2020 WL 5099829, at *6; s*ee Chamberlain*, 382 F. Supp. 2d at 872 (citing *Mathews*, 424 U.S. at 330-32). However, "[t]he ultimate decision of whether to waive exhaustion should not be made solely by mechanical application of [these] factors but should also

be guided by the policies underlying the exhaustion requirement." *Bowen*, 476 U.S. at 484. Not barring the application of the factors and consideration of the policies underlying the exhaustion requirement, courts have held that exhaustion should only be waived "in extraordinary circumstances." *See Mitchell v. Soc. Sec. Dep't,* No. CIV.A. H-12-2402, 2012 WL 6049071 (S.D. Tex. Nov. 13, 2012), *report and recommendation adopted*, No. CIV.A. H-12-2402, 2012 WL 6051530 (S.D. Tex. Dec. 5, 2012); *Lowe v. Colvin*, 582 F. App'x 323, 326 (5th Cir. 2014).

## ANALYSIS

Here, Defendant asserts that "there is no justiciable claim because Plaintiff [] did not exhaust his administrative remedies, and the Commissioner has not waived exhaustion [Dkt. 12 at 1]. Plaintiff, in response, argues, on the merits, that his benefits "should have never been terminated, should have continued until a decision was made in reconsideration" [Dkt. 13 at 1]. Plaintiff further contends that at its heart his "[c]omplaint is not whether or not [he] ha[s] exhausted [his] administrative remedies which obviously [he] ha[sn't]," but that the Commissioner has not addressed whether Plaintiff's benefits should have continued [Dkts. 21 at 1; 23 at 1].[1]

*Administrative Process*

To reiterate, there are four steps to the administrative process in SSA claims. *See* 20 C.F.R. § 416.1400; *Mitchell*, 2012 WL 6049071, at *3; *Smith*, 139 S. Ct. at 1772. Thus, for Plaintiff's claim to be properly before the Court, Plaintiff must have: (1) obtained from the Commissioner an

---

[1] Plaintiff urges the Court to direct that his benefits be continued until he has exhausted his administrative remedies. As set forth herein, central to the grant of a district court's subject matter jurisdiction is the requirement that there be a "final decision" by the Commissioner after a hearing. Even if the Court had jurisdiction to consider such request, which it finds that it does not under the current posture because no final decision has been made, the Commissioner contends continuation of benefits pursuant to the provisions cited by Plaintiff is available only when the agency makes a medically-based cessation determination, not a technical cessation, such as is the case here. *Marshall v. Chater*, 75 F.3d 1421, 1428 (10th Cir. 1996) ("Federal law gives a recipient the right to receive benefits during his administrative appeal where the SSA has determined that the recipient is no longer entitled to benefits because "the physical or mental impairment on the basis of which such benefits are payable is found to have ceased, not to have existed, or to no longer be disabling."). Once the case is back before an ALJ, Plaintiff may continue to pursue and advance his eligibility for interim payments.

initial decision on his continued receipt of benefits; (2) requested a reconsideration of that decision; (3) requested a hearing before an ALJ; and (4) after the ALJ makes a written decision, make another challenge by requesting a review by the Appeals Council. *See* 20 C.F.R. § 416.1400. Plaintiff acknowledges in his briefing that "there are [in fact] four steps of appeal," and concedes that he hasn't exhausted his administrative remedies concerning the agency's determination to terminate CDB benefits and Medicare coverage based upon CDB entitlement and is "currently [only] at step number two Administrative Law Judge Hearing" [Dkts. 21 at 1; 23 at 1; 24 at 3]. Given Plaintiff's acquiescence that he has not yet exhausted his administrative remedies, the Court lacks subject matter jurisdiction to hear his case unless waiver exists.

### *Waiver of Exhaustion by the Commissioner*

The Commissioner advises that it has not (and does not) waive the exhaustion requirement and continues to challenge Plaintiff's claim as improper due to failure to exhaust administrative remedies [Dkts. 12 at 1; 22]. *See Heckler v. Day*, 467 U.S. 104 (1984) (finding waiver where Commissioner failed to object to and/or challenge plaintiff's claims being brought before exhaustion of administrative remedies). Because the Commissioner has not waived the requirement of exhaustion of administrative remedies, the Court examines the applicability of judicial waiver.

### *Waiver of Exhaustion by the Court*

As set forth *infra*, courts have applied the following three factors in determining whether to waive the exhaustion requirement: "(1) whether a claim is collateral to a demand for benefits, (2) whether exhaustion would be futile, and (3) whether the harm suffered pending exhaustion would be irreparable." *See Chambers*, 2020 WL 5094684, at *6; s*ee Chamberlain*, 382 F. Supp. at 872; *Mack v. Astrue*, No. CIV.A. 09-3337, 2010 WL 2218239, at *4 (S.D. Tex. May 14, 2010),

*report and recommendation adopted*, No. CIV.A. H-09-3337, 2010 WL 2218227 (S.D. Tex. June 2, 2010).

As to whether Plaintiff's claim is collateral, "[w]here a plaintiff asserts that a policy or regulation of the SSA is invalid as being in conflict with the Constitution or the Social Security Act, his claim is collateral; where a plaintiff asserts that a policy or regulation has been incorrectly applied to his claim for benefits, he is asserting a substantive claim of entitlement to benefits." *Anderson v. Sullivan*, 806 F. Supp. 134, 137 (E.D. Tex. Sept. 10, 1992); *see also Chamberlain*, 382 F. Supp. 2d at 874 (finding that where "plaintiff asserts no constitutional claim which could be construed as collateral to her claim for benefits. . . . exhaustion of remedies cannot be waived on that basis"); *Mack*, 2010 WL 2218239, at *4 (holding that a "claim is not collateral so as to waive the exhaustion requirement if it is inextricably intertwined with a substantive claim of administrative entitlement") (quotations omitted). Here, Plaintiff's claim is not collateral to benefits. Indeed, the entirety of Plaintiff's claim is that he should still be receiving his CDB [Dkt. 1]. Plaintiff is not challenging the constitutionality of the process, rather he is asserting that the SSA erred in denying him benefits pending his appeal [Dkts. 1 at 4-5; 13 at 1; 14 at 1; 21 at 1; 23 at 1; 24 at 1].

The Court also does not find that exhaustion of administrative remedies by Plaintiff would be futile. In determining the futility of making a plaintiff exhaust their administrative remedies, courts have considered the length of time a claimant has been working through the administrative process, and also, whether Plaintiff has asserted a collateral claim that would not be resolved through the exhaustion of administrative remedies.[2] *See Chambers*, 2020 WL 5099829, at *7 (holding that exhaustion would not be futile in case where a plaintiff had started the process four

---

[2] Because the Court has determined that Plaintiff has not asserted a collateral claim *infra*, further discussion of this possible point of futility is not necessary.

years earlier and where the SSA was in contact with plaintiff throughout the process); *Cplace Springhill SNF, LLC v. Burwell*, No. CIV.A. 14-3139, 2015 WL 1849499, at *5 (W.D. La. Apr. 22, 2015) ("This Court draws a distinction between complete and total preclusion of review versus simple postponement of review and finds that any possible delay in this matter does not warrant circumvention of the administrative appeal process as a whole."); *Anderson*, 806 F. Supp. at 138 ("Exhaustion of administrative remedies would be futile where the Secretary's position is firm, and further administrative appeal would prove unavailing."). Plaintiff has not asserted any grounds reflecting futility, merely frustration with the delay in resolving his claim which many litigants express in connection with social security matters. *See Fabian v. Colvin*, No. SA-14-CV-141-XR, 2014 WL 3952803, at *2 (W.D. Tex. Aug. 13, 2014) ("Frustration with the administrative process does not confer subject matter jurisdiction."). Plaintiff contends, "[t]he SSA is purposely delaying my current ALJ hearing date because the SSA knows I will win my future Title II Medicare Benefits case once given an actual ALJ Hearing date. I filed my initial reconsideration on December 18, 2018. The SSA didn't send me notice of reconsideration until January 20, 2020" [Dkt. 24 at 3]. *See Chambers*, 2020 WL 5099829, at *7. Standing alone, allegations such as these, do not establish futility.

Turning to the harm suffered by Plaintiff, "[t]o meet the irreparability requirement for waiver, the claimant must show that denial of relief will cause a harm; it does not account for past injuries." *Chambers*, 2020 WL 5099829, at *7 (citing *Griego v. Leavitt*, No. CIV.A. 3:07-CV-1708-D, 2008 WL 2200052, at *11 (N.D. Tex. May 16, 2008)). Examples of such irreparability are where the plaintiff's life expectancy was short, or the plaintiff faced life-threatening medical ailments. *See Anderson*, 808 F. Supp. at 137-38 ("Plaintiff is infected with HIV, the virus that causes AIDS; his life expectancy is probably rather short. The need for a speedy resolution in a

case such as this is obvious if the plaintiff, rather than his estate, is to obtain the benefit of a favorable decision. Remitting plaintiff to his administrative remedies may exhaust more than the administrative remedies provided by the SSA; it may exhaust most of plaintiff's remaining life span."); *compare with Mack*, 2010 WL 2218239, at *4 (finding no irreparable injury where plaintiff alleged that exhausting his administrative remedies would result in "harm and injury due to the stress and the ordeal of having to go through the inadequate appeal process[, which] will also trigger a medical set back"). "If 'the agency's wrongful decision can be rectified with retroactive payments, the claim presents no danger of irreparable harm or futile pursuit of administrative remedies.'" *Chambers*, 2020 WL 5099829, at *7; *see also Chamberlain*, 382 F. Supp. 2d at 873 (citing *Mathews*, 424 U.S. at 330-32). Plaintiff here has not claimed to have a disease that may exhaust him before the administrative process runs its course; Plaintiff also makes no claim that retroactive payments would not make him whole.

Plaintiff has not shown that exhaustion of his administrative remedies would irreparably harm him. Thus, upon consideration of the relevant factors, the Court finds that, at present, waiver of exhaustion of administrative remedies by the Court is not proper. However, the Court notes that upon continued delay, waiver of exhaustion of administrative remedies by the court may become proper. *See Hinton v. Sullivan*, 737 F.Supp. 232, 242 (S.D.N.Y. Mar. 28, 1990) (finding that where a plaintiff's "repeated requests for hearings and appeals go unheeded" and the administrative process is dragged out for an exorbitant amount of time, waiver of exhaustion of remedies is appropriate).

## CONCLUSION

For the foregoing reasons, the Court lacks subject matter jurisdiction under § 405(g) and finds that the Defendant Andrew M. Saul, Commissioner of Social Security's Motion to Dismiss and Incorporated Memorandum [Dkt. 12] is **GRANTED**.  Plaintiff's case is dismissed without prejudice to refiling, if necessary, after exhaustion and/or upon the applicability of judicial waiver.  The Commissioner should proceed directly in scheduling Plaintiff's case for hearing before an ALJ.

All other relief not expressly granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 21st day of September, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE